# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| ARLENE HULL, by and through her Daughter, Next of Friend and Power of Attorney, DIANA HULL SENNE,<br><br>　　　　Plaintiff,<br>vs.<br><br>ABILITY INSURANCE COMPANY, f/k/a MEDICO LIFE INSURANCE COMPANY, ABILITY RESOURCES, INC., ABILITY REINSURANCE HOLDINGS LIMITED, a Bermuda Limited Company, ABILITY REINSURANCE LIMITED, a Bermuda Limited Company, and MEDICO INSURANCE COMPANY,<br><br>　　　　Defendants. | Cause No. CV-10-116-BLG-RFC<br><br>**ORDER** |

　　　　The Court has had the opportunity to review the parties' briefing on "substantial supervision" and "continual supervision," and all briefs applicable to this issue and is prepared to rule on the definition of "continual" and "substantial."

　　　　Interpretation of terms in an insurance policy is a question of law and both parties agree on this. *Steadele v. Colony Ins. Co.*, 361 Mont. 459 ¶ 18 (2011). "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Trishan Air, Inc., The Federal Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011) quoting *Assurance Co. of America v. Wall & Assoc. LLC of Olympia* , 379 F.3d 557, 560 (9th Cir. 2004). Under Montana law, "the interpretation of an

insurance contract is a question of law for the Court." *Montana Petroleum Tank Release Compensation Bd. v. Crumleys, Inc.*, 341 Mont. 33 ¶ 32 (2008). *See also Estate of Richerson ex rel. Richerson v. Cincinnati Ins. Co.*, 362 Mont 324 ¶ 9 (2011); *Steadele v. Colony Ins. Co.*, 361 Mont. 459 ¶ 18 (2011); *Park Place Apartments, L.L.C. v. Farmers Union Mut. Ins. Co.*, 358 Mont. 394 ¶12 (2010).

*In Deland v. Old Republic Life Ins. Co.*, the Ninth Circuit held it reversible error to submit issues of policy interpretation to the jury. 758 F.2d 1331, 1336 (9th Cir. 1985); *see also VanCleef v. Aeroflex Corp.*, 657 F.2d 1094, 1099-1100 (9th Cir. 1981).

"The law in Montana applicable to the construction of insurance contracts is well settled. When there is an uncertainty or ambiguity in the contract it will be construed liberally in favor of the insured and most strictly against the insurer." *Williams v. Insurance Co. of North America*, 150 Mont. 292, 295 (1967). "Whether the contract is ambiguous is a question of law for the court." *Grindheim v. Safeco Ins. Co.*, 908 F.Supp. 794, 800 (D. Mont. 1995). Under Montana law, "an ambiguity exists where the insurance contract, taken as whole, is reasonably subject to two different interpretations." *Park Place Apartments, LLC v. Farmers Union Mut. Ins. Co.*, 358 Mont. at ¶ 13 (Mont. 2010).

The terms and words used in an insurance contract are to be given their usual meaning and construed using common sense. *Mitchell v. State Farm Ins.*

*Co.*, 2003 MT 102, ¶ 26, 315 Mont. 281, ¶ 26, 68 P.3d 703, ¶ 26 (citing *Dakota Fire Ins. Co. v. Oie*, 1998 MT 288, ¶ 5, 291 Mont. 486, ¶ 5, 968 P.2d 1126, ¶ 5).

## I. CONTINUAL AND CONTINUOUS

The policy language here conditions eligibility on whether the policyholder requires "continual supervision" to protect health and safety. The term "continual" is ambiguous because it is susceptible to at least two different interpretations or meanings. From the very beginning of this case, I have attempted to discern the difference between the use of "continual" and "continuous." There appears to be no difference and the words are used interchangeably. They are not, as Plaintiff argues, completely different words.

Based upon consideration of multiple dictionary definitions, there is no doubt that "continual" and "continuous" are synonymous. In fact, the word "continual" is derived from the root word "continuus," or "continuous". See Defendant's Ex. 241. Moreover, Defendant's Exhibits 242 and 244-245 (the publications of which have been recognized by the Montana Supreme Court in *Jarussi v. Bd. of Trustees of Sch. Dist. No. 28, Lake County*, 204 Mont. 131, 138, 664 P.2d 316, 319 (1983), *Martinell v. Montana Power Co.*, 268 Mont. 292, 304, 886 P.2d 421, 429 (1994)) define "continual" as "continuous" before they say "often repeated" or "repeated often."

The jury will be instructed that "continual" means "repeated often; continuous."

II.  **SUBSTANTIAL**

Plaintiff argues that "substantial supervision" and continual supervision" are the same thing.  Defendants argue that it means "considerable."

Although "substantial supervision" and "continual supervision" are not defined in the Policy, they are referred to in Ability's Claim Manual as follows:

> "Continual Supervision", "Direction" and "Substantial Supervision" will be interpreted as follows: Supervision that is necessary on a regular and routine basis, without which the Insured would be a threat to their own health/safety or the health/safety of others. This includes those instances where the Insured is infrequently left alone for short "irregular" or "unplanned" periods.

Defendants' Ex. 221.

As discussed *supra*, the terms and words used in an insurance contract are to be given their usual meaning and construed using common sense.  *Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶ 26, 315 Mont. 281, ¶ 26, 68 P.3d 703, ¶ 26 (citing *Dakota Fire Ins. Co. v. Oie*, 1998 MT 288, ¶ 5, 291 Mont. 486, ¶ 5, 968 P.2d 1126, ¶ 5).

Based upon consideration of multiple dictionary definitions, "substantial" will be defined as "considerable."

DATED this 29th day of March, 2012.

_/s/ Richard F. Cebull_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE